IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHEILA ORTIZ,<br>    Plaintiff,<br>    v.<br><br>AUTOMOTIVE RENTALS, INC.,<br>    Defendant. | CIVIL NO. 09-3002(NLH)(AMD)<br><br>OPINION |

**APPEARANCES:**

JAMES M. CARTER
LAW OFFICES OF HOFFMAN DIMUZIO
4270 ROUTE 42
TURNERSVILLE, NJ 08012
    On behalf of plaintiff

HARRIS NEAL FELDMAN
MICHAEL J. WIETRZYCHOWSKI
SCHNADER, HARRISON, SEGAL & LEWIS, LLP
220 LAKE DRIVE EAST
SUITE 200
CHERRY HILL, NJ 08002-1165
    On behalf of defendant

**HILLMAN**, District Judge

This matter has come before the Court on defendant's motion for sanctions, in the form of the dismissal of plaintiff's complaint and the imposition of attorney's fees and costs, pursuant to Fed. R. Civ. P. 11.  For the reasons expressed below, defendant's motion will be denied, but the Court will afford plaintiff two weeks to oppose the entry of summary judgment in defendant's favor.

**BACKGROUND**

Plaintiff, Sheila Ortiz, was an employee of defendant, Automotive Rentals, Inc., and served as a computer

programmer/analyst.  Plaintiff claims that in 2006 and again in 2007, defendant failed to provide her with a quieter work area, which would have reasonably accommodated her disabilities of anxiety, depression, and adjustment disorder.  Plaintiff filed a complaint with the Equal Employment Opportunities Commission (EEOC), and after the EEOC's investigation, it found no probable cause.  The EEOC issued a right to sue letter on March 5, 2009.  On June 23, 2009, plaintiff filed a one-count complaint against defendant for defendant's alleged violation of the American with Disabilities Act.[1]

    Defendant has now moved for sanctions pursuant to Fed. R. Civ. P. 11 against plaintiff and her counsel for counsel's refusal to voluntarily dismiss plaintiff's complaint under Rule 11's safe harbor provision.  Defendant contends that plaintiff's complaint should be dismissed, and attorney's fees and costs should be lodged against plaintiff and her attorney, because plaintiff's counsel knowingly filed a lawsuit that was absolutely barred by a 90-day filing deadline.  Neither plaintiff nor her counsel has opposed defendant's motion.

## DISCUSSION

    Federal Civil Procedure Rule 11 is intended to discourage the filing of frivolous, unsupported, or unreasonable claims by

---

[1] This Court's jurisdiction over plaintiff's case is pursuant to 28 U.S.C. §§ 1331 and 1343.

2

"impos[ing] on counsel a duty to look before leaping and may be seen as a litigation version of the familiar railroad crossing admonition to 'stop, look, and listen.'"  Lieb v. Topstone Indus. Inc., 788 F.2d 151, 157 (3d Cir. 1986).  Specifically, Rule 11 requires that an attorney certify that any pleading, written motion or other paper presented to the court (1) is not presented for any improper purpose such as to harass or increase the costs of litigation, and (2) the legal contentions contained "are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law."  Fed. R. Civ. P. 11(b)(1), (2).  Rule 11 sanctions are "aimed at curbing abuses of the judicial system," Cooter & Gell v. Hartmax Corp., 496 U.S. 384, 397 (1990), and "intended to discourage the filing of frivolous, unsupported, or unreasonable claims," Leuallen v. Borough of Paulsboro, 180 F. Supp. 2d 615, 618 (D.N.J. 2002).

In this case, defendant argues that plaintiff's counsel's conduct fits squarely within Rule 11's proscriptions because of the clear procedural bar to plaintiff's claim.  Where an employee has filed an employment discrimination claim against her employer with the EEOC, the employee has 90 days from the date of the EEOC's right-to-sue letter to file a civil complaint in court.  See 42 U.S.C. § 2000e-5(f)(1) ("If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission . . . within ninety days after the giving of such notice

3

a civil action may be brought against the respondent named in the charge . . . ."). If there is no evidence as to the date the employee received her right-to-sue letter, courts will presume that she received it three days after the EEOC mailed it. <u>Seitzinger v. Reading Hosp. & Medical Center</u>, 165 F.3d 236, 239 (3d Cir. 1999) (citations omitted) (explaining that "Rule 6(e)'s three-day presumption attempts to ensure that the plaintiff has the benefit of the full ninety-day period when the date of actual receipt is unknown"). Here, plaintiff's right-to-sue letter is dated March 5, 2009, which triggered a March 8, 2009 receipt date, and June 6, 2009 civil complaint filing deadline.[2] Plaintiff did not file her complaint until June 23, 2009. Accordingly, when counsel filed plaintiff's complaint, it was too late according to statute.

Despite this untimely filing, the Court must still consider whether plaintiff's complaint must be dismissed pursuant to Rule 11, and whether other sanctions should be imposed. The first step in a Rule 11 analysis is to determine whether the party filing the Rule 11 motion complied with the "safe harbor" provision of Rule 11(c)(2). Under that provision, a party cannot file a motion for sanctions until it first presents the motion to the offending party, and allows 21 days for the other party to withdraw or

---

[2]March 8, 2009 was a Sunday, and June 6, 2009 was a Saturday. Even if plaintiff received her letter on Monday, March 9, 2009, and she had until Monday, June 8, 2009 to file her complaint, it would still be beyond the allotted time.

4

correct the challenged issue.  In re Schaefer Salt Recovery, Inc., 542 F.3d 90, 99 (3d Cir. 2008) (citing Fed. R. Civ. P. 11(c)(2)). Here, even though defense counsel state in their memorandum in support of their Rule 11 motion that they provided plaintiff's counsel with the motion on May 27, 2010, and plaintiff's counsel refused to withdraw plaintiff's complaint, defense counsel have not provided any certification to support this statement.  While the Court has no reason to question the truthfulness of this statement, without proper documentary proof to support defense counsel's compliance with the safe harbor provision, the Court cannot grant defendant's motion on this basis alone.

Even if counsel did supply the proper certification to evidence compliance with the safe harbor provision, Rule 11 is not the proper vehicle to dismiss plaintiff's case.  It is evident that plaintiff's case was untimely filed, but the 90-day time limit "is akin to a statute of limitations rather than a jurisdictional bar," and is therefore subject to equitable tolling.  Seitzinger, 165 at 239-40.  "Under equitable tolling, plaintiffs may sue after the statutory time period for filing a complaint has expired if they have been prevented from filing in a timely manner due to sufficiently inequitable circumstances."  Id. at 240.  Thus, simply because plaintiff filed her complaint beyond the 90-day limit does not automatically mean that her attorney filed a complaint that was not "warranted by existing law" in violation of Rule 11.

5

Furthermore, plaintiff's counsel's purported refusal to dismiss the complaint, and his lack of response to defendant's Rule 11 motion, are not by themselves sanctionable actions under Rule 11.[3]  Although it could be presumed that plaintiff does not have any support for the application of equitable tolling because plaintiff's counsel has not argued for the doctrine's applicability,[4] and therefore it could be presumed that plaintiff's counsel did not have a good faith basis for filing the complaint outside the strict 90-day bar, there is no proof to show that plaintiff's counsel's conduct was intentionally frivolous or an abuse the judicial system such that sanctions are warranted. Indeed, to hold otherwise would subject any attorney who files a complaint beyond the statute of limitations period to sanctions. Although there may be occasions where such late-filings are sanctionable, often such filings are due to unfamiliarity with the

---

[3]The Court makes no comment or supposition as to why plaintiff's counsel failed to oppose defendant's motion.

[4]But see Seitzinger v. Reading Hosp. & Medical Center, 165 F.3d 236, 237-38 (3d Cir. 1999) ("The district court proceeded on the theory that an attorney's delinquency is chargeable to the client and, at all events, is not a basis for equitable tolling. This is generally true, consistent with the rule that equitable tolling is to be used sparingly, particularly in the context of attorney default.  However, where--as here--the allegation is that a diligent client persistently questioned the lawyer as to whether he had filed the complaint in time, and he affirmatively misrepresented to her that he had, we think there is a sufficient claim of attorney abandonment to bring the case within the narrow line of cases in which lawyer misconduct justifies equitable tolling.").

law, a miscalculation of the limitation deadlines, or some other non-maleficent reason.

Defendant filed its answer to plaintiff's complaint on July 31, 2009, and raised procedural bars and statute of limitations as affirmative defenses. However, it was not until a year later that defendant presented its Rule 11 motion based on the 90-day limitations period to plaintiff. It is not clear why defendant, instead of filing its answer, did not file a Rule 12 motion to dismiss plaintiff's complaint from the outset, since the 90-day bar was apparent on the face of plaintiff's complaint,[5] or file a Rule 56 summary judgment motion to alert the Court of the procedural bar to plaintiff's ADA claim. For whatever reason, defendant did not follow either of those paths, and began the discovery process with plaintiff.[6] Under these circumstances, Rule 11 is simply not the

---

[5] Zankel v. Temple University, 245 Fed. Appx. 196, 198 (3d Cir. 2007) (citing Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002) (quoting Hanna v. U.S. Veterans' Admin. Hosp., 514 F.2d 1092, 1094 (3d Cir. 1975)) ("Although Rule 12(b) does not explicitly permit the assertion of a statute of limitations defense by a motion to dismiss, the so-called 'Third Circuit Rule' allows a defendant to assert a limitations defense in a Rule 12(b)(6) motion 'if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'").

[6] It appears that plaintiff's counsel has not fully cooperated with the discovery process. (See, e.g., Docket No. 13, May 3, 2010 letter from defense counsel to Magistrate Judge Donio regarding plaintiff's counsel's lack of response to defendant's discovery demands.) With regard to sanctions for a party's lack of participation in the litigation process, district courts have the inherent authority to control the conduct of those who appear before it, see Chambers v. NASCO, Inc., 501 U.S.

7

proper way to resolve this case.

Nevertheless, it is undisputable that plaintiff's case was impermissibly filed beyond the 90-day window, and that there is no evidence that equitable tolling principles should have extended the window until June 23, 2009.  See Seitzinger, 165 F.3d at 240 (explaining that "we [have] emphasized the importance of adhering to the EEOC's ninety-day filing period, holding that in the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day," and "[w]e therefore approach the doctrine warily, so as to guard against possible misuse" (internal quotations and citations omitted)).  Thus, it appears that defendant is entitled to judgment as a matter of law, Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Fed. R. Civ. P. 56(c), and a district court "may grant summary judgment *sua sponte* in appropriate circumstances."  DL Res., Inc. v. FirstEnergy Solutions Corp., 506 F.3d 209, 223 (3d Cir. 2007) (citing Celotex, 477 U.S. at 326).  Before doing so, however, the Court must provide plaintiff with "prior notice and an opportunity to oppose summary judgment."  Id.

Accordingly, the Court will deny defendant's motion for

---

32, 43 (1991); see Fed. R. Civ. P. 16(f) and 37(b)(2), with the ultimate sanction being the dismissal of the plaintiff's case, Hewlett v. Davis, 844 F.2d 109, 114 (3d Cir. 1988) ("A district court has the authority to provide for the ultimate sanction of dismissal for noncompliance with local court rules.").  Because the Court does not have a complete picture of the discovery issues, the Court will not make any rulings on this basis.

8

sanctions, and will afford plaintiff 15 days to file a brief addressing why summary judgment should not be entered in favor of defendant for the reasons expressed above.  If plaintiff files an opposition, defendant shall have 15 days to respond.  If plaintiff fails to file a response, judgment will be entered in defendant's favor, and the case closed.

An appropriate Order will be entered.


Date: August 10, 2010                         s/ Noel L. Hillman

At Camden, New Jersey                  NOEL L. HILLMAN, U.S.D.J.