IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHEILA ORTIZ,<br>    Plaintiff,<br>      v.<br><br>AUTOMOTIVE RENTALS, INC.,<br>    Defendant. | CIVIL NO. 09-3002(NLH)(AMD)<br><br>**MEMORANDUM<br>OPINION & ORDER** |

**APPEARANCES:**

JAMES M. CARTER
LAW OFFICES OF HOFFMAN DIMUZIO
4270 ROUTE 42
TURNERSVILLE, NJ 08012
    On behalf of plaintiff

HARRIS NEAL FELDMAN
MICHAEL J. WIETRZYCHOWSKI
SCHNADER, HARRISON, SEGAL & LEWIS, LLP
220 LAKE DRIVE EAST
SUITE 200
CHERRY HILL, NJ 08002-1165
    On behalf of defendant

**HILLMAN**, District Judge

    This matter having come before the Court as a follow-up to its August 10, 2010 Opinion and Order denying defendant's motion for sanctions, which requested the dismissal of plaintiff's complaint and the imposition of attorney's fees and costs because plaintiff refused to voluntarily withdraw his case for failure to comply with the Equal Employment Opportunity Commission's civil lawsuit filing deadline; and

    In that Opinion, the Court having also found that it was indisputable that plaintiff's case was impermissibly filed beyond the EEOC's 90-day filing deadline, and that there was no evidence that equitable tolling principles should have extended the window;

and

The Court having further found that it appeared that defendant was entitled to judgment as a matter of law, and that a district court has discretion to grant summary judgment *sua sponte* in appropriate circumstances; but

The Court having also recognized that before entering judgment in defendant's favor, the Court was required to provide plaintiff with prior notice and an opportunity to oppose summary judgment; and

Accordingly, the Court having allowed plaintiff 15 days to file a brief addressing why summary judgment should not be entered in defendant's favor; and

On August 25, 2010, plaintiff's counsel having filed a letter to the Court (1) asking that the Court refrain from entering judgment in defendant's favor, (2) stating that he intends to withdraw the complaint "without prejudice," and (3) indicating that he has provided a form order of dismissal to defense counsel for approval; and

On that same day, defense counsel having filed a letter in reply, stating that he objects to the proposed order, which dismisses the complaint "without prejudice, with the parties to bear their own costs," because plaintiff's claims should be dismissed "with prejudice" due to his statute of limitations violation; and

The Court noting that Fed. R. Civ. P. 41 governs the dismissal

of actions, and that a voluntary dismissal, or one pursuant to court order, under this Rule is considered a dismissal without prejudice; and

The Court further noting that Rule 41 allows a plaintiff to voluntarily withdraw his complaint at any time prior to the filing of an answer or a motion for summary judgment; but

The Court finding that because defendant had filed its answer to plaintiff's complaint, and because plaintiff's claim is currently the subject of a pending *sua sponte* summary dismissal, a voluntary dismissal pursuant to Rule 41 is not available to plaintiff; and

The Court further finding that the EEOC's 90-day filing deadline is treated as a statute of limitations rather than a jurisdictional prerequisite to suit, and failure to comply with this 90-day window requires the dismissal of a complaint "with prejudice," see Elkadrawy v. Vanguard Group, Inc., 584 F.3d 169, 173 (3d Cir. 2009);

Therefore,

IT IS HEREBY on this 31st day of August, 2010

ORDERED that judgment is entered in defendant's favor, and the case is dismissed with prejudice.

                                                    s/ Noel L. Hillman

At Camden, New Jersey                    NOEL L. HILLMAN, U.S.D.J.